IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SEACHASE CONDOMINIUM OWNER'S ASSOCIATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:12-00711-N |
| NEXTEL WIP LEASE CORP., a Delaware corporation d/b/a NEXTEL PARTNERS, and SPRINT, | ) ) ) ) | |
| Defendants. | ) ) | |

## **ORDER**

Before the Court is Plaintiff Seachase Condominium Owner's Association, Inc.'s motion for summary judgment (Doc. 19), filed September 13, 2013, twenty-three days after the deadline for the filing of dispositive motions (*see* Doc. 11, ¶ 11 ("Motions for summary judgment and any other dispositive motions, especially those which require little or no discovery, are to be filed as soon as possible but in no event later than **August 21, 2013**. . . .") (emphasis in original)).[1] Because of this infirmity, the Court ordered Seachase, on September 16, 2013, to show cause in writing, no later than September 23, 2013, why its motion should not be stricken as untimely (Doc. 20).

"District courts 'enjoy broad discretion in deciding how best to manage the cases before them,' *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th

---

[1] Seachase did not file a motion for leave to file the motion out of time or, evidently, confer with defense counsel prior to filing the motion. Seachase also did not request that the Court modify the Rule 16(b) scheduling order to extend the deadline for filing dispositive motions.

Cir. 1997), and that discretion extends to whether to consider untimely motions for summary judgment, *see Matia v. Carpet Transport, Inc.*, 888 F.2d 118, 119 (11th Cir. 1989)." *Enwonwu v. Fulton-Dekalb Hosp. Auth.*, 286 Fed. App'x 586, 595 (11th Cir. May 12, 2008) (per curiam) (affirming denial of untimely motion for partial summary judgment, where trial court noted "it could achieve greater efficiency by adjudicating the case[,]" because the district court's decision "was within a range of reasonable choices and was not influenced by any mistake of law"); *see also Dedge v. Kendrick*, 849 F.2d 1398, 1398 (11th Cir. 1988) (per curiam) ("The defendant, Steve Kendrick, appeals from the district court's denial of his motion for summary judgment. Under [Rule] 16(b)(2), the district court is required to enter an order limiting the time to file and hear motions. In this case, the district court entered an order requiring that motions for summary judgment be filed by October 30, 1987. The defendant filed his motion for summary judgment on December 7, 1987. Therefore, the district court properly denied the motion as untimely, and we need not address the merits of the motion in this appeal." (citing *United States Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985))); *Goode v. Wings of Alpharetta, Inc.*, Civil Action No. 1:11–CV–1337–WSD–JSA, 2013 WL 997669, at *17 (N.D. Ga. Jan. 18, 2013) (recommending denial of motion for summary judgment filed almost one month past the deadline, noting, "A District Court need not consider an untimely motion for summary judgment. *See Dedge v. Kendrick*, 849 F.2d 1398, 1398 (11th Cir. 1988)."), *report and recommendation adopted*, 2013 WL 997558 (N.D. Ga. Mar. 13, 2013); *but see, e.g.,*

*J.V. v. Seminole County Sch. Bd.*, No. 6:04–cv–1889–Orl–28JGG, 2007 WL 7261470, at *1 n.3 (M.D. Fla. Mar. 21, 2007) ("Plaintiff argues that procedurally, Defendant's motion for summary judgment should be dismissed as untimely because the dispositive motion was four days after the filing deadline. Though there is authority for that course, *see Dedge v. Kendrick*, 849 F.2d 1398 (11th Cir.1988), the motion was only four days late and it is properly denied on the merits." (record citation omitted)).

Seachase responded to the show cause order on September 19, 2013 (*see* Doc. 24) by informing the Court that its counsel was out-of-the-country, on vacation, from August 2-12, 2013 and, upon his return, had to prepare for nine trials in state court the week of August 19, 2013 (*id.*, ¶¶ 1-3). Counsel ultimately conceded, however, that the deadline was "inadvertently overlooked" (*see id.*, ¶ 4), and admitted that he did not begin preparing Seachase's motion for summary judgment until Defendant Nextel WIP Lease Corp. filed its motion for summary judgment, on August 21, 2013 (*see id.*, ¶ 5 ("When the Defendant, Nextel, filed for Summary Judgment, and counsel for Seachase began research and preparation to draft Seachase's Brief in Opposition, it became clear that Seachase was entitled to Summary Judgment based on the various provisions of the subject contract.").)

While the Court appreciates counsel's candor, that admission and Nextel's assertion that the Court's consideration of Seachase's untimely motion will prejudice Nextel,[2] require that the Court **STRIKE** Seachase's motion for summary

---

[2] *Compare id.*, ¶ 6 ("The issues proffered to the court for consideration, both by Nextel and Seachase, are relatively simple and no party will be prejudiced by Seachase's

3

judgment as untimely. While the summary judgment deadline may have been overlooked in the first instance, once that oversight was realized, counsel could have conferred with the other side and promptly requested leave to file his motion out of time. The current situation is far different than that. Here, counsel admits that he did not even imagine moving for summary judgment until he began work on a response to Nextel's timely filed motion. To allow such disregard for the scheduling order, entered pursuant to Rule 16(b), would relegate that order to "a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (internal quotations and citations omitted).

**DONE** and **ORDERED** this the 23rd day of September, 2013.

                                               */s/ Katherine P. Nelson*
                                               **KATHERINE P. NELSON**
                                               **UNITED STATES MAGISTRATE JUDGE**

---

Motion for Summary Judgment being filed after the deadline. Seachase's Motion for Summary Judgment does not create any new issues of which the Defendants are unaware."), *with* Doc. 26 at 1 ("Plaintiff incorrectly states that no party will be prejudiced by the Court's consideration of the untimely motion for summary judgment. To the contrary, Nextel will have to incur additional expenses for the preparation of a separate response to Plaintiff's Motion for Summary Judgment, and undersigned counsel will have to commit additional time to the preparation of such a response which could otherwise be directed toward more productive activities.").