IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SEACHASE CONDOMINIUM OWNER'S ASSOCIATION, INC., ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 1:12-00711-N |
| NEXTEL WIP LEASE CORP., a Delaware corporation d/b/a NEXTEL PARTNERS, and SPRINT, ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court[1] is a motion for summary judgment (Doc. 17), filed August 21, 2013 by Defendant Nextel WIP Lease Corp. ("Nextel"). The plaintiff, Seachase Condominium Owner's Association, Inc. ("Seachase"), has responded (*see* Doc. 21), Nextel has replied (*see* Doc. 28), and, for the reasons explained herein, Nextel's motion is **GRANTED** in its entirety. Seachase's claims are **DISMISSED** with **PREJUDICE**, and the Clerk is **DIRECTED** to **CLOSE** this case.[2]

---

[1] This matter is before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), to conduct any and all proceedings, including trial, entry of final judgment, and all post-judgment proceedings. (*See* Docs. 8, written consent of the parties; 9, order of reference.)

[2] Seachase and Nextel are the only entities remaining in this lawsuit. On September 19, 2013, the Court construed Seachase's "motion to strike" Sprint (Doc. 22) as one pursuant to Rule 21—which "empowers federal courts to add parties, 'drop' (that is, dismiss) parties and sever claims[,]" *Scottsdale Ins. Co. v. Subscriptions Plus, Inc.*, 195 F.R.D. 640, 643 (W.D. Wis. 2000) (citations omitted)—and dismissed Sprint, which both Nextel and Seachase agree is not a proper party (*compare* Doc. 22, ¶ 2, *with* Doc. 17 at 11). Because Sprint neither answered nor filed a motion for summary judgment, Seachase could have voluntarily dismissed Sprint pursuant to Rule 41(a), without action by the Court. *See,*

I.      **Procedural Background**

This lawsuit, filed in the Circuit Court of Baldwin County, Alabama on October 12, 2012, was timely removed by Nextel on November 16, 2013. (*See generally* Doc. 1.) And Nextel timely filed its motion for summary judgment on August 21, 2013. (*See* Doc. 11, Rule 16(b) scheduling order, ¶ 11 ("Motions for summary judgment and any other dispositive motions, especially those which require little or no discovery, are to be filed as soon as possible but in no event later than **August 21, 2013**. . . .") (emphasis in original)). Without requesting that this deadline be modified, and without seeking leave to file a dispositive motion outside of time, Seachase filed its own motion for summary judgment (Doc. 19) on September 13, 2013, more than three weeks past the deadline. After Seachase was afforded the opportunity to show why its untimely motion should not be summarily denied[3] (*see* Docs. 20 (order), 24 (response), and 26 (Nextel's opposition)), the motion

---

*e.g., Edney v. City of Montgomery*, 960 F. Supp. 270, 274 (M.D. Ala. 1997) ("Under the rules governing dismissal by notice under [Rule] 41 and dismissal by motion under [Rule] 21, dismissal against such defendants as have not served an answer or motion for summary judgment is permitted even though the case might remain pending against other defendants." (quoting *Cordis Corp. v. Siemens-Pacesetter, Inc.*, 682 F. Supp. 1200, 1201 (S.D. Fla. 1987))). Since that option was not exercised, a Rule 21 dismissal was preferable to striking a party pursuant to Rule 12(f); notwithstanding the Court's "liberal discretion to strike" under that rule, "Rule 12(f) is an unusual mechanism by which to strike a party from an action[.]" *Brodkorb v. Minnesota*, Civil No. 12–1958 (SRN/AJB), 2013 WL 588231, at *16 (D. Minn. Feb. 13, 2013).

[3]     "District courts 'enjoy broad discretion in deciding how best to manage the cases before them,' *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997), [which] discretion extends to whether to consider untimely motions for summary judgment, *see Matia v. Carpet Transport, Inc.*, 888 F.2d 118, 119 (11th Cir. 1989)." *Enwonwu v. Fulton-Dekalb Hosp. Auth.*, 286 Fed. App'x 586, 595 (11th Cir. May 12, 2008) (per curiam) (affirming denial of untimely motion for partial summary judgment, where trial court noted "it could achieve greater efficiency by adjudicating the case[,]" because the district court's decision "was within a range of reasonable choices and was not influenced by

was stricken on September 23, 2013 (*see* Doc. 27 (finding that Seachase's admission that it did not consider preparing its own motion until after it began work on the opposition to Nextel's motion, coupled with Nextel's assertion of prejudice, prevented a finding of good cause, pursuant to Rule 16(b), to allow the untimely motion to proceed in contravention of the scheduling order's deadline).[4]

The Court has also denied Seachase's untimely motion for leave to amend the complaint (Doc. 30), filed October 2, 2013—the day briefing on Nextel's motion for summary judgment closed.[5] Again, the Court extended Seachase the opportunity to explain why the motion should not be stricken (*see* Doc. 31) and considered responses from both parties (*see* Docs. 36 (response) and 35 (Nextel's opposition)).

---

any mistake of law"); *see also Dedge v. Kendrick*, 849 F.2d 1398, 1398 (11th Cir. 1988) (per curiam) (affirming district court's denial of motion for summary judgment, filed more than one month late, as untimely pursuant to Rule 16(b)(2) (citing *United States Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985))); *Goode v. Wings of Alpharetta, Inc.*, Civil Action No. 1:11–CV–1337–WSD–JSA, 2013 WL 997669, at *17 (N.D. Ga. Jan. 18, 2013) (recommending denial of motion for summary judgment filed almost one month past the deadline, noting, "A District Court need not consider an untimely motion for summary judgment." (citation omitted)), *report and recommendation adopted*, 2013 WL 997558 (N.D. Ga. Mar. 13, 2013); *but see, e.g., J.V. v. Seminole Cnty. Sch. Bd.*, No. 6:04–cv–1889–Orl–28JGG, 2007 WL 7261470, at *1 n.3 (M.D. Fla. Mar. 21, 2007) ("Plaintiff argues that procedurally, Defendant's motion for summary judgment should be dismissed as untimely because the dispositive motion was four days after the filing deadline. Though there is authority for that course, the motion was ***only four days late*** and it is properly denied on the merits." (citations omitted and emphasis added)).

[4] *See id.* at 4 ("While the summary judgment deadline may have been overlooked in the first instance, once that oversight was realized, counsel could have conferred with the other side and promptly requested leave to file his motion out of time. The current situation is far different than that. Here, counsel admits that he did not even imagine moving for summary judgment until he began work on a response to Nextel's timely filed motion. To allow such disregard for the scheduling order, entered pursuant to Rule 16(b), would relegate that order to a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." (citation and internal quotation marks omitted)).

[5] The applicable deadline was April 12, 2013. (*See* Doc. 11, ¶ 5.)

3

Through its response, Seachase explained that the lease contract between itself and Nextel—the contract at the heart of this lawsuit—contains a provision requiring Nextel to remove certain "telecommunications equipment from Seachase's rooftop and/or repair or return the roof top to its prior condition," which Seachase contends "is an integral part of the contract[.]" (Doc. 30, ¶¶ 1-4; *see also id.*, ¶ 7 (explaining that this provision "has been an issue throughout the case"; it "has been discussed in each and every deposition conducted as well as discussed in any and all settlement negotiations").) Despite the essentialness of this provision, Seachase explained, "it was not specifically referred to in the various pleadings by the parties in this case[,]" and, according to Seachase, the motion to amend was "an effort . . . to make the pleadings conform to the evidence." (*Id.*, ¶¶ 4, 6.) But, as the Court explained in its previous order,

> [t]he problem with seeking leave to amend the complaint to conform to evidence a party contends "has been an issue throughout the case" at [such a] late stage—well after the dispositive motions deadline—should be apparent given the structure of the Federal Rules of Civil Procedure. Although Seachase explain[ed] why it would like to amend the complaint, Seachase fail[ed] to explain how it ha[d] been diligent in pursuit of that effort. And, quite simply, Rule 16(b)'s "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Cobb v. Dawson*, No. 5:06-CV-066 (HL), 2007 WL 188269, at *1 (M.D. Ga. Jan. 22, 2007) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing FED. R. CIV. P. 16 advisory committee's note)). "If [a] party was not diligent, the [good cause] inquiry should end." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (noting, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.")).

(Doc. 37 at 2-3 (footnote omitted); *see also id.* at 3 n.2 (noting, "Seachase's response makes it very clear that this amendment could have been sought at the outset of

4

discovery or, at the very least, in the midst of discovery and well before the dispositive motions deadline, which itself came and went more than one month before Seachase filed the instant motion for leave.").)[6]

## II. Pertinent Factual Background

The parties' submissions establish the following facts—construed in a light most favorable to Seachase[7]—pertinent to resolution of the pending motion for

---

[6] It should be noted that Seachase has conveyed through its opposition that, at least as of the date the opposition was filed, September 17, 2013—before any attempt by Seachase to amend its complaint—Nextel's equipment remains on its rooftop. (*See* Doc. 21 at 2.) That fact does not, however, play any role in the party's positions for, or against, summary judgment.

Moreover, in light of the order denying leave to amend the operative complaint, because Seachase failed to include this issue in that complaint, the issue cannot be raised to the Court for the first time in an opposition to summary judgment. That is because "Federal Rule of Civil Procedure 8(a)(2) requires that the allegations in the complaint 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). As such, "summary judgment is not a procedural second chance to flesh out inadequate pleadings." *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006); *see Pickern*, 457 F.3d at 968-69 (holding that the complaint there failed to satisfy Rule 8(a)'s notice pleading requirements because it "gave the [defendants] no notice of the specific factual allegations presented for the first time in [the plaintiff's] opposition to summary judgment"); *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) ("[W]here, as here, the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court." (citations omitted)); *accord Sharp v. Costco Wholesale Corp.*, 577 F. Supp. 2d 767 (D. Md. 2008); *see also Johnson v. Brock & Scott, PLLC*, No. 5:11–CV–474–F, 2013 WL 6058199, at *6-7 (E.D.N.C. Nov. 15, 2013) (where a plaintiff raised a statutory violation for the first time on summary judgment, the court held that the defendants "were entitled to rely on the operative complaint as fair notice of the general factual allegations forming the basis of Plaintiff's claims"; and, like this Court, the court in *Johnson* also denied leave to amend the complaint, to conform to the summary judgment motion, pursuant to Rule 16(b)).

[7] The facts as stated herein are necessarily limited by the Court's task at hand. At summary judgment, "[t]he Court will not weigh the evidence or make findings of fact"; its "role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the nonmoving party." *MSC Mediterranean Shipping Co. SA, Geneva v. Metal Worldwide, Inc.*, 884 F. Supp. 2d 1269, 1273 (S.D. Fla. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Morrison v. Amway Corp.*, 323 F.3d 920, 924

5

summary judgment.

Seachase's two-count complaint asserts claims for breach of contract and conversion. The contract at issue, the Radio Roof Top Agreement (Doc. 21-1 (Ex. 1 to Seachase's opposition)) (the "Agreement"), is dated January 3, 2005 and allowed Nextel to place certain telecommunications equipment on the roof of the Seachase condominium building in Orange Beach in exchange for monthly rent. The initial monthly rent was set at $1,800 (for five years, the "Initial Term" of the contract), but the contract also provided for a 15% rent increase every five years (that is, with each "Renewal Term") based on the monthly rent the previous term. Section IV of the Agreement addressed its duration (and provided for automatic renewals). Because that section is central to Seachase's opposition to summary judgment, it is set out in its entirety below:

> The term of this Agreement shall commence the earlier of start of construction or March 1, 2005, and run for a period of five (5) years ("Initial Term"). If either party desires to terminate this Agreement as of the last day of the initial term, that party shall give the other written notice of such termination at least ninety (90) days before the expiration of either the Initial Term Renewal term [sic]. In the absence of such notice, the Agreement shall automatically renew for an additional four (4) five (5) year periods ("Renewal Terms") on the same terms and conditions as set forth herein.
>
> At lease termination, Tenant [Nextel] will remove all properties installed on Landlord's [Seachase's] premises and leave said premises in the same condition existing prior to the installation of Tenant

---

(11th Cir. 2003)); *see also Cassady v. Walker*, No. CV 109–128, 2012 WL 899913, at *12 n.12 (S.D. Ga. Feb. 6, 2012) ("Of course, the Court's finding . . . is limited to the present summary judgment stage of these proceedings, in which the facts are viewed in the light most favorable to Plaintiff. This finding should not be construed as any ruling or commentary on whether Plaintiff will ultimately prevail on his [ ] claims."), *report & recommendation adopted*, 2012 WL 899200 (S.D. Ga. Mar 15, 2012).

>     Facilities, ordinary wear and tear and occurrences for which Tenant is
>     not responsible hereunder, excepted.

(Doc. 21-1 at 3.)

As Seachase stated in opposition to summary judgment, "[t]he Agreement proceeded pursuant to its terms until July 30, 2012[,] when Nextel mailed a letter to Seachase which purported to give notice of termination of the Agreement[.]" (Doc. 21 at 2.) That letter, attached to Seachase's opposition, is dated July 25, 2012 and, in pertinent part, provides:

> Pursuant to Section XIV(v) of the [ ] Agreement, this letter will serve as notice that Nextel is exercising its right to terminate the Agreement, effective September 21, 2012.

(Doc. 21-2.)

Section XIV of the Agreement, the basis for Nextel's termination of the Agreement in 2012, and also the basis for Nextel's motion for summary judgment (*see* Doc. 17 at 6-10), provides in pertinent part:

> This Agreement may be terminated without further liability as follows: . . . (v) on thirty (30) days prior written notice by Tenant [Nextel] if Tenant determines that the Premises are not appropriate for its operations for economic or technological reasons.

(Doc. 21-2 at 8.)

These sections of the Agreement, and their proper interpretation, are the crux of this case. (*Compare, e.g.,* Doc. 1-1, Seachase's complaint, ¶¶ 11-17 (breach of contract claim based on Nextel's failure and refusal "to pay [ ] monthly rental payments[, after its] attempt[] to terminate [the Agreement] without good cause"), *with id.,* ¶¶ 18-21 (conversion claim based on Nextel's September and October 2012 conversion of "specific property owned by Seachase, to wit: rent payments in the

7

amount of $2,070 for each respective month").)

### III. Summary Judgment

#### A. Standard

It is well-established that, consistent with Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.
>
> Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).[8] On the other hand, the evidence of the nonmovant must be believed and all

---

[8] Further, "[a] factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Ware v. Nationwide Ins. Co.*, No. 7:11–cv–4272–LSC, 2013 WL 1680514, at *3 (N.D. Ala. Apr. 12, 2013) (quoting *Information Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (in turn quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991))).

> justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

*Archie v. Home-Towne Suites, LLC*, 749 F. Supp. 2d 1308, 1312 (M.D. Ala. 2010) (some internal citations modified and footnote added); *see also Avenue CLO Fund Ltd. v. Bank of Am., NA*, 709 F.3d 1072, 1077 (11th Cir. 2013) ("The interpretation of a contract is a question of law" subject to *de novo* review if appealed. (quoting *Daewoo Motor Am. v. Gen. Motors Corp.*, 459 F.3d 1249, 1256 (11th Cir. 2006))); *accord American Cas. Co. of Reading, Pa. v. Etowah Bank*, 288 F.3d 1282, 1285 (11th Cir. 2002).

### B. Analysis

#### 1. Breach of contract

Seachase argues that the Agreement is susceptible to factual questions that preclude summary judgment pursuant to a "pure contract interpretation." (Doc. 21 at 13 (conceding that if purported "ambiguities, vagueries [sic] and/or conflicts are construed against Nextel," as the drafter of the Agreement, "and in favor of Seachase, this Court may very well be able to interpret the contract[,]" but concluding, "if the contract remains as written, there are various factual issues which should be resolved by a duly-empaneled jury").) The pertinent facts set forth above and Seachase's arguments confirm that the proper interpretation of the Agreement, rather than disputed underlying facts, is the basis by which Seachase opposes summary judgment. And it is established that "[t]he ability of a court to

9

enter summary judgment on a contractual dispute, where there are no underlying facts in dispute, [is] an issue driven by the applicable state contractual law." *Bayer CropScience AG v. Dow AgroSciences LLC*, Civil No. 12–256 RMB/JS, 2013 WL 5539410, at *5 n.5 (D. Del. Oct. 7, 2013) (collecting cases, including *Dew Seven, L.L.C. v. Big Lots Stores, Inc.*, 354 Fed. App'x 415, 416 (11th Cir. Dec. 2, 2009) (per curiam) (in which the Eleventh Circuit, applying Florida law, held that "[i]n a case involving contract interpretation, summary judgment is appropriate when any ambiguity may be resolved by applying the rules of construction")).

Under Alabama law,[9]

> "The issue whether a contract is ambiguous or unambiguous is a question of law for a court to decide." *American Resources Insurance Co. v. H & H Stephens Construction, Inc.*, 939 So. 2d 868, 873 (Ala. 2006). "A contractual provision is ambiguous if it is reasonably susceptible of more than one meaning." *FabArc Steel Supply, Inc. v. Composite Construction Systems, Inc.*, 914 So. 2d 344, 357 (Ala.2005). Conversely, "[a] document is unambiguous only if one reasonable meaning emerges from a reading of the document." *Drummond Co. v. Walter Industries, Inc.*, 962 So. 2d 753, 780 (Ala. 2006).

*FDIC v. JDC Acquisition Corp.*, Civil Action No. 05-0536-WS-C, 2007 WL 987474, at *2 (S.D. Ala. Mar. 28, 2007) (Steele, J.) (internal citation modified). Accordingly, "[i]f the terms within a contract are plain and unambiguous, the construction of the contract and its legal effect become questions of law for the court and, when appropriate, may be decided by a summary judgment." *McDonald v. U.S. Die Casting & Dev. Co.*, 585 So.2d 853, 855 (Ala. 1991) (citing *Dill v. Blakeney*, 568

---

[9] The parties agree, and the Agreement provides, that Alabama law applies. (*See, e.g.,* Doc. 21-1, § XVII, at 9 ("The Agreement shall be governed by the laws of the State in which the Property[—the Seachase condominium building—]is located.").)

10

So.2d 774 (Ala. 1990)). Further, under "principles of Alabama contract law[,]"

> [i]f a contract is unambiguous on its face, there is no room for construction and it must be enforced as written. ***A court may not twist the plain meaning of the terms in a contract to create an ambiguity under the guise of interpretation.*** The primary source for deciding whether a contract is clear is the text of the document itself. It is well established in Alabama that when an instrument is unambiguous its construction and legal effect will be based upon what is found within its four corners. . . . ***Even if some ambiguity does exist in a contract, a court has the duty to accept a construction that will uphold the contract, rather than one that will make it invalid.*** . . .

*Southland Quality Homes, Inc. v. Williams*, 781 So. 2d 949, 953 (Ala. 2000) (internal citations omitted and emphasis added).

Again, even if the Agreement "***is*** unclear and ambiguous in its terms, but not void for uncertainty, then[, at summary judgment,] it ***must*** be interpreted and construed [by the Court] under well-settled rules of construction applicable to all contracts." *American & Foreign Ins. Co. v. Tee Jays Mfg. Co., Inc.*, 699 So. 2d 1226, 1228 (Ala. 1997) (citing *Home Indem. Co. v. Employers Nat'l Ins. Corp.*, 564 So. 2d 945 (Ala. 1990)) (emphasis added).[10] Under Alabama law, this Court is, furthermore, "guided by the intent of the parties, which, absent some exceptional

---

[10] That, under Alabama law, at summary judgment, courts resort to well-settled rules of contract construction first, before finding a contract to be ambiguous and, thus, susceptible to factual disputes, is no surprise. Such an approach is consistent with the majority of jurisdictions. *Compare, e.g., Smith v. Seaboard Coast Line R. Co.*, 639 F.2d 1235, 1239 (5th Cir. Unit B 1981) ("Only if ambiguity remains after the court applies the pertinent rules of construction does [the language of an agreement] become a question of fact." (citations omitted)) *and Tyson v. McPhail Props., Inc.*, 478 S.E.2d 467, 472 (Ga. App. 1996) ("In interpreting a contract, an ambiguity will bar summary judgment only if the rules of contract construction fail to resolve it."), *with Stonebridge Life Ins. Co. v. Horne*, No. W2012–00515–COA–R3–CV, 2012 WL 5870386, at *4 (Tenn. Ct. App. Nov. 21, 2012) ("If the contract is ambiguous even after this Court applies the pertinent rules of construction, then the interpretation of the contract becomes a question of fact such that summary judgment is not proper." (citations and internal quotation marks omitted)).

11

circumstance, is evidenced by the plain language of the document itself.'" *Southland Quality Homes*, 781 So. 2d at 953 (internal citations omitted); *see also University of Ala. Bd. of Trs. v. New Life Art, Inc.*, Civil Action No. 7:05–cv–0585–AKK, 2013 WL 5442191, at *5 (N.D. Ala. Sept. 27, 2013) ("Under Alabama law, '[w]hen interpreting a contract, a court should give the terms of the agreement their clear and plain meaning and should presume that the parties intended what the terms of the agreement clearly state.'" (quoting *Public Bldg. Auth. of City of Huntsville v. St. Paul Fire & Marine Ins. Co.*, 80 So. 3d 171, 180 (Ala. 2010) (internal citations omitted))).

Here, in an effort to avoid summary judgment, Seachase argues that the renewal provision of the Agreement (Article IV) "is ambiguous and open to differing interpretations"—specifically, Seachase contends, that provision, can be read to mean that Nextel's termination notification to Seachase, dated July 25, 2012—after the expiration of the Initial Term—was invalid. (*See* Doc. 21 at 4 (because "such notice [was] not made within the first five (5) year term, then the 'agreement shall automatically renew for an additional four (4) five (5) year periods'" (quoting Article IV)).) Seachase thus contends that Article IV is "in conflict" with Article XIV (the termination provision) and concludes, "Because the purported termination by Nextel was not within the initial five (5) year period, there no longer exists a right, by either party, to terminate." (Doc. 21 at 9.)

The Court rejects this attempt by Seachase to read into the Agreement (*i.e.*, create) conflict and ambiguity where none exists. Seachase is quick to point out

that the Agreement was drafted by Nextel and that, "[u]nder Alabama law, when a court is confronted with an ambiguous contract, *if all other rules of contract construction fail to resolve the ambiguity*, then, under the rule of *contra proferentum*, any ambiguity must be construed against the drafter of the contract." (Doc. 21 at 4-5 (internal quotation marks omitted and emphasis added) (collecting authority).) As Seachase admits, "[t]he case law emphasizes that *contra proferentum* is generally a rule of last resort and should be applied only when other rules of construction have been exhausted." (*Id.* at 5 (citation and internal quotation marks omitted).) And by assuming an ambiguity exists and jumping to a rule of construction "of last resort," one which favors its position, Seachase skips the seminal rule of construction that a contract must be "construed as a whole[,]" not in isolated parts, and "whenever possible, effect must be given *to all its parts*." *N & L Enters., LLC v. Lioce Props., LLP*, 51 So. 3d 273, 279-80 (Ala. 2010) (quoting *Gulf Coast Realty Co. v. Professional Real Estate Partners, Inc.*, 926 So. 2d 992, 1005 (Ala. 2005) (emphasis added)); *accord Dyas v. City of Fairhope*, Civil Action No. 08–0232–WS–N, 2010 WL 5158381, at *5 (S.D. Ala. Dec. 14, 2010) (Steele, J.); *cf. Caribbean I Owners' Ass'n, Inc. v. Great Am. Ins. Co. of N.Y.*, 600 F. Supp. 2d 1228, 1245 (S.D. Ala. 2009) (DuBose, J.) ("'To the extent the language of a[ contract] provision is ambiguous, all ambiguities must be resolved against the [drafter].' That said, *ambiguities cannot be constructed from thin air by 'strained or twisted reasoning'* in interpreting the language." (quoting *Safeway Ins. Co. of Ala., Inc. v. Herrera*, 912 So. 2d 1140, 1143 (Ala. 2005)) (other citation omitted and

13

emphasis added)). In fact, "[e]ven if some ambiguity does exist in a contract," under Alabama law, "a court has the ***duty*** to accept a construction that will uphold the contract," as drafted. *Southland Quality Homes*, 781 So. 2d at 953 (emphasis added); *see also American & Foreign Ins. Co.*, 699 So. 2d at 1228 (a contract with "unclear and ambiguous terms" that is "not void for uncertainty . . . must be interpreted and construed under well-settled rules of construction").

Accordingly, the Court cannot accept Seachase's "strained and twisted" reading of the Agreement, which essentially engrafts the automatic renewal provision of Article IV onto the termination for cause provision of Article XIV. Doing so, Seachase admits (*see* Doc. 21 at 4), removes either party's ability to terminate the Agreement after expiration of the Initial Term. That interpretation is clearly counter to ***both*** the plain language of the Agreement ***and*** the rule of construction that a court should give effect to all provisions in a contract, not use claimed ambiguity in one provision to nullify the effect of an independent provision. *E.g., N & L Enters.*, 51 So. 3d at 279-80. In other words, even accepting Seachase's interpretation of Article IV (the automatic renewal provision), that provision says nothing about termination for cause, which is addressed in a separate provision of the Agreement: Article XIV. Seachase offers no support for interpreting one provision of the Agreement in a way that eviscerates the effect of an independent provision. Such a strained interpretation, in fact, runs counter to the rule of construction that requires that, where possible, a court should give effect to all provisions in the parties' contract. *See, e.g., id.* There is no reason not to honor that

rule of construction in this case.

Seachase also argues that, even if Nextel's termination pursuant to Article XIV(v) was timely, Nextel is not entitled to summary judgment because whether "the Premises are not appropriate for its operations for economic or technological reasons" is a factual question that should be submitted to a jury. (*See* Doc. 21 at 10-12.) However, a plain reading of the Agreement shows that, according to the parties' terms, whether the Premises are not appropriate for [Nextel's] operations for economic or technological reasons" is a determination to be made solely by Nextel, as the Tenant. (*See* Doc. 21-1 at 8 ("on thirty (30) days prior written notice by Tenant *if Tenant determines* that the Premises are not appropriate for *its* operations for economic or technological reasons" (emphasis added).) This interpretation, through which Seachase again attempts to engraft requirements that clearly do not exist under a plain reading of the Agreement, is also rejected.

Accordingly, Nextel's motion for summary judgment as to Seachase's breach of contract claim is due to be and is hereby **GRANTED**.

    **2.**     **Conversion**

Because the Court has determined that Nextel has not breached the Agreement as a matter of law, Seachase cannot, as a matter of law, prevail on its claim for conversion. *See, e.g., Murray v. Holiday Isle, LLC*, 620 F. Supp. 2d 1302, 1336 (S.D. Ala. 2009) (Steele, J.) ("To establish a claim of conversion in Alabama, 'one must present proof of a wrongful taking, an illegal assumption of ownership, an illegal use or misuse of another's property, or a wrongful detention or interference

with another's property. . . .' Simply stated, '[c]onversion requires a wrongful exercise of dominion over property in exclusion or defiance of a plaintiff's rights, where said plaintiff has . . . the immediate right of possession." (respectively quoting *SouthTrust Bank v. Donely*, 925 So. 2d 934, 939 (Ala. 2005); *Gardner v. State Farm Mut. Auto. Ins. Co.*, 842 So. 2d 1, 7 (Ala. Civ. App. 2002))). Since there has been no breach of the Agreement by Nextel, there has been no "wrongful exercise of dominion over," *id.*, "specific property owned by Seachase, to wit: rent payments" Seachase claims are due under the Agreement because of Nextel's purported breach (*see* Doc. 1-1, ¶¶ 18-21).

Accordingly, Nextel's motion for summary judgment as to Seachase's conversion claim is also due to be and is hereby **GRANTED**.

### IV. Conclusion and Attorneys' Fees

For the reasons discussed above, Nextel's motion for summary judgment (Doc. 17) is **GRANTED** in its entirety. Seachase's claims are **DISMISSED** with **PREJUDICE**, the final pretrial conference, previously set for December 19, 2013 (*see* Doc. 11, ¶ 1), is **CANCELED**, and the Clerk is **DIRECTED** to **CLOSE** this case. A corresponding judgment will be entered separately.

As to attorneys' fees, an issue both sides address in their pleadings, Article XVII of the Agreement in pertinent part provides:

> The parties hereto agree that in the event it becomes necessary for any party to defend or institute legal proceedings as a result of the failure of either party to comply with the terms, covenants, agreements, and/or conditions of this Agreement, it is understood and agreed upon that the prevailing party in such litigation shall be entitled to be reimbursed for all costs incurred or expended in connection therewith,

including, but not limited to, reasonable attorney's fees, including appellate fees, and court costs.

(Doc. 21-1 at 9.) The parties, further, agree that the prevailing party in this litigation is entitled to recover attorneys' fees pursuant to the Agreement. (*See, e.g.,* Doc. 21 at 13 ("Seachase agrees with Nextel that the prevailing party in this litigation is entitled to recover its attorney's fees.").)

The Court's entry of summary judgment in favor of Nextel makes it the prevailing party. As such, the parties are **ORDERED** to meet and confer (*e.g.,* discuss either in person or over the telephone, not through an exchange of letters or emails) no later than **December 20, 2013** to determine if the attorneys' fees and costs issue can be resolved without Court involvement. If, after a meaningful meet and confer has occurred, the issue remains unresolved, Seachase may file a motion for attorneys' fees and costs, pursuant to the Agreement, no later than **December 27, 2013**. Any motion shall be supported by evidence sufficient to enable the Court to determine whether the requested fees and costs are reasonable.[11]

**DONE** and **ORDERED** this the 6th day of December, 2013.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] These deadlines do not affect (that is, extend) the deadline for Nextel to file a verified bill of costs pursuant to Local Rule 54.1.